## E. B. FRAYSER V. W. J. MOORE.

FACTS *Constituting a Cause of Action; Error:* A petition was filed by F. against M., alleging that M., individually, and on behalf of the firm of Osbun & Co., a firm composed of O. and M., agreed for a sufficient consideration to let F. draw out $660 in merchandise from the firm of O. & Co., to which agreement O. & Co., for value, assented; that M. bought the interest of O., his copartner, and became the sole proprietor; that both M. and the firm of O. & Co. refused to deliver the merchandise to F., when demanded under the agreement with M. and O. & Co. *Held,* error for the court below to sustain a demurrer to said petition for defect of parties, or that the petition failed to state facts sufficient to constitute a cause of action against M.

### *Error from Bourbon District Court.*

ACTION brought by the plaintiff in error against the defendant in error in the court below, to recover $660, with interest from May 1st, 1877. The petition alleged —

That A. G. Osbun and the plaintiff, E. B. Frayser, were partners together in the wholesale and retail drug business, at Fort Scott, in this state, in November, 1876; that plaintiff's interest in the business was $760 in excess of his copartner; that in said month, the defendant bought of plaintiff his one-half interest in the store, and, in addition to the payment in money made therefor, also contracted and agreed with plaintiff that he should withdraw $760 in merchandise of the new firm of Osbun & Co., composed of A. G. Osbun and W. J. Moore; that of this contract and agreement Osbun had notice, and to the contract Osbun & Co., for value, assented; that in February, 1877, plaintiff gave the defendant credit for $100, and, under an agreement with the defendant, plaintiff was to draw out in merchandise only $660 from the firm of Osbun & Co., and to this agreement the latter company, for value, assented; that in April, 1877, the firm of Osbun & Co. dissolved, and the defendant acquired and held the interest of A. G. Osbun in the late firm solely in his own right; that the stock of drugs on hand at the sale from plaintiff to defendant was $4,000; that the firm of Osbun & Co., and, after its dissolution, W. J. Moore, have used the same store-room in Fort Scott for their business, and at the commencement of this action a large portion of the stock of drugs

on hand owned by defendant were the goods originally sold by plaintiff to defendant; that since the contracts and agreements with defendant and Osbun & Co., the plaintiff had made repeated demands upon the firm of Osbun & Co. and the defendant for merchandise out of said stock to the amount of $660; that these demands have been renewed upon the defendant after he had acquired the sole ownership of the business; that the firm of Osbun & Co. failed and refused to allow the plaintiff to draw out the goods, and the defendant had also refused the merchandise.

The defendant demurred to this petition, and assigned as grounds of demurrer—*first*, defect of parties defendant; and *second*, that the petition did not state facts sufficient to constitute a cause of action against defendant. The court, at the September Term, 1877, sustained the demurrer, but whether upon one or both grounds, is not disclosed in the record. The plaintiff elected to stand by his petition, and thereupon the court rendered judgment for the defendant for costs. Plaintiff duly excepted to the decision and ruling of the court, and brings the case here on error.

*C. O. French*, for plaintiff in error.

*Hill & Sallee*, and *H. C. McComas*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The only question presented is, whether the court below erred in sustaining the demurrer of defendant in error to plaintiff's petition. We think it did. The defendant agreed for a sufficient consideration to let plaintiff draw out of the firm of Osbun & Co., of which he was a member, $660 of merchandise. To this agreement, Osbun & Co., for value, assented. Afterward, both Moore and Osbun & Co. refused to deliver the merchandise to the plaintiff, when demanded. The $660 in merchandise was a part of the purchase price of the interest of Frayser in the firm of Osbun & Co., which Moore agreed to turn over to Frayser. When Moore and Osbun & Co. refused to deliver the goods, Moore became liable on his individual contract for all damages ac-

cruing to Frayser by reason of his failure to comply with his agreement. Again, he was liable as a member of the firm of Osbun & Co.; for, by its action, that firm also became liable to the plaintiff for the value of the merchandise which it refused to deliver in accordance with its contract. Under our statute, in all cases of joint obligations and joint assumptions of copartners or others, suits may be brought and prosecuted against any one of those who are so liable; therefore there was no defect of parties in the petition. The petition stated sufficient facts, and the demurrer ought to have been overruled.

The judgment of the district court must be reversed, and the cause remanded, with direction to the court below to overrule the demurrer of defendant.

All the Justices concurring.